UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL ALLIANCE FOR                          :
ACCESSABILITY, INC., a Florida not for profit  :
corporation, and DENISE PAYNE, Individually,   :
                                               :
            Plaintiffs,                        :   Case No.   8:10-cv-1016
                                               :
v.                                             :
                                               :
THE PETERSON COMPANIES, L.C.,                  :
PETERSON MANAGEMENT, L.C.,                     :
PETERSON DEVELOPMENT, LLC,                     :
NATIONAL HARBOR BELTWAY, L.C.,                 :
RIVERTOWNE COMMONS LIMITED                     :
PARTNERSHIP, MILESTONE CENTER
ASSOCIATES, L.P., Foreign Corporations,, and
WASHINGTONIAN ASSOCIATES, L.C., a
Domestic Corporation,

            Defendant.
_____/

## **COMPLAINT**
(Injunctive Relief Demanded)

Plaintiffs, NATIONAL ALLIANCE FOR ACCESSABILITY, INC., a Florida Non Profit

Corporation, and DENISE PAYNE, Individually, on their behalf and on behalf of all other

individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the

Defendant, THE PETERSON COMPANIES, L.C., PETERSON MANAGEMENT, L.C.,

PETERSON DEVELOPMENT, LLC, NATIONAL HARBOR BELTWAY, L.C., RIVERTOWNE

COMMONS LIMITED PARTNERSHIP, MILESTONE CENTER ASSOCIATES, L.P., Foreign

Corporations,, and WASHINGTONIAN ASSOCIATES, L.C., A Domestic Corporation, (sometimes

referred to collectively as "Defendant"), for Injunctive Relief, and attorney's fees, litigation

expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

("ADA").

1.      Plaintiff, NATIONAL ALLIANCE FOR ACCESSABILITY, INC., is a non-profit corporation formed under the laws of the State of Florida.  NATIONAL ALLIANCE FOR ACCESSABILITY, INC. maintains its principal office at 1501 NE 12 ST. FORT LAUDERDALE FL 33304, in the County of Broward.

2.      Defendant's properties, Milestone Center, 20910-20944 Frederick Road, Germantown, MD 20876; National Harbor, 201 Waterfront Street, National Harbor, MD 20745; Rivertowne Commons Market Place, 6045-6235 Oxon Hill Road, Oxon Hill, MD 20745; and Washingtonian Center, Gaithersburg, MD. 20878, are   located in the County of Mongtomery.

3.      Venue is properly located in the DISTRICT OF MARYLAND  because venue lies in the judicial district of the properties situs.  The Defendant's properties is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff DENISE PAYNE  is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. DENISE PAYNE has visited the properties which forms the basis of this lawsuit and plans to return to the properties to avail himself of the goods and services offered to the public at the properties, and to determine whether the properties has been made ADA compliant.  The Plaintiff has encountered architectural barriers at the subject properties.  The barriers to access at the properties have endangered

2

her safety.   The Plaintiff is also a member of the Plaintiff organization, NATIONAL ALLIANCE FOR ACCESSABILITY, INC., discussed below in paragraph 6.

6.      Plaintiff NATIONAL ALLIANCE FOR ACCESSABILITY, INC., is a nonprofit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

NATIONAL ALLIANCE FOR ACCESSABILITY, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.

NATIONAL ALLIANCE FOR ACCESSABILITY, INC. has also been discriminated against because of its association with its disabled members and their claims.  Plaintiffs are deterred from, and are denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and  accommodations at Defendant's properties equal to that afforded to other individuals.  Plaintiffs are aware that it would be a futile gesture to attempt to visit Defendant's properties if they wish to do so free of discrimination.

7.      Defendants are commonly owned and controlled, have interlocking ownerships, are the alter egos of one another and are part of a single corporate conglomerate.  Defendants own, lease, lease to, or operate  places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendants are

responsible for complying with the obligations of the ADA.  The places of public accommodation that the Defendants own, operate, lease or lease to are known as Milestone Center, 20910-20944 Frederick Road, Germantown, MD 20876; National Harbor, 201 Waterfront Street, National Harbor, MD 20745; Rivertowne Commons Market Place, 6045-6235 Oxon Hill Road, Oxon Hill, MD 20745; and Washingtonian Center, Gaithersburg, MD. 20878.

8.      NATIONAL ALLIANCE FOR ACCESSABILITY, INC. and DENISE PAYNE have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this properties as described but not necessarily limited to the allegations in paragraph 10 of this Complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.  DENISE PAYNE desires to visit  not only to avail herself of the goods and services available at the properties but to assure herself that this properties is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

        A.  In November, 2008, Plaintiff visited the Washingtonian and Rio shopping center and encountered numerous discriminatory violations and commenced a law suit to eliminate that discrimination.  By and through its attorney, Rick Claxton, the defendant therein challenged plaintiff's right to visit Maryland, and made various threats and coercive demands. Mr. Claxton demanded money, threatened disbarment and sanctions, and threatened to interfere with Ms. Payne's exercise of civil rights with respect to other cases she had filed.  Mr. Claxton in fact carried out his threat

4

and has engaged in substantial interference with other actions filed by Ms. Payne. A copy of correspondences sent by Mr. Claxton is attached hereto as Exhibit A and B.

B.  In making his extortionate demands, Mr. Claxton referred the plaintiffs to a website setting forth all the properties owned by The Peterson Companies.  These are the companies on whose behalf Claxton demanded that plaintiffs forfeit their civil rights entirely.  In Mr. Claxton's own words: "Peterson owns a diverse group of several dozen retail, mixed-use, and office properties in Virginia (predominately) and Maryland..." A copy of correspondences sent by Mr. Claxton is attached hereto as Exhibit C.

C.  In response to these direct threats against her civil rights, Plaintiff Payne has visited the places of public accommodation referenced herein, as listed in the website referenced by Mr. Claxton.  As set forth below, these facilities are riddled with barriers to access which substantially discriminate against her and other wheelchair users.  Ms. Payne personally encountered and/or observed these barriers.

9.     The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000

5

or less).  A preliminary inspection of  has shown that violations exist.  These violations include, but are not limited to:

## A.  Milestone Center

### Parking

1.      There are accessible spaces that do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2.      There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

2.      Some of the disabled use spaces and/or unloading areas are located on a slope in  violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

### Entrance Access and Path of Travel

1.      There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

2.      There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

3.      A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG whose resolution is readily available.

4.      There is not a continuous path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable.

### Access to Goods and Services

1.      There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

2.      There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3.      There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG whose resolution is readily achievable.

**Restrooms**

2. The restroom door has improper hardware for disabled patrons, in violation of Section 4.13.9 of the ADAAG whose resolution is readily achievable.

4. There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

6. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

8. The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG whose resolution is readily achievable.

10. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

12. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

14. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

16. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

18. There is a changing area provided for public use that does not comply with the requirements of the ADAAG whose resolution is readily achievable.

20. Some of the restrooms do not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

22. Some of the restrooms do not provide the required latch side clearance  violating the provisions of the ADAAG whose resolution is readily achievable.

7

A true and correct copy of the pictures taken in Ms. Payne's presence while at this facility are attached as Exhibit D.

# B.  National Harbor

## Parking

1.      Some of the accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG whose resolution is readily achievable.

2.      Some of the disabled use spaces and/or unloading areas are located on a slope in violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

## Entrance Access and Path of Travel

1.      There are curb ramps at the facility that contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG whose resolution is readily achievable.

2.      There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

3.      There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

4.      There are rises at the thresholds of entrances  at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

5.      There is not a continuous 36" wide path of travel connecting all essential elements of the facility, in violation of Sections 4.3.1 and 4.3.2 of the ADAAG whose resolution is readily achievable.

## Access to Goods and Services

1.      There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

2.      There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3.      There is seating provided at the facility that does not comply with the standards

prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

**Restrooms**

2. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

3. The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.16.4 and 4.26 of the ADAAG whose resolution is readily achievable.

4. The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG whose resolution is readily achievable.

5. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

7. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

9. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

A true and correct copy of the pictures taken in Ms. Payne's presence while at this facility are attached as Exhibit E.

## C.  Rivertowne Commons Market Place

**Parking**

1.      Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

2.      There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

**Entrance Access and Path of Travel**

1.      There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

2.      There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

3.      There are rises at the thresholds of entrances at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

4.      A level landing is not provided at some of the accessible entrances violating Section 4.13.6 of the ADAAG whose resolution is readily available.

**Access to Goods and Services**

1.      There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

2.      There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3.      There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

**Restrooms**

1.      There are restrooms for public use at the facility without the required disabled use elements, in violation of several Sections of the ADAAG whose resolution is readily achievable.

2. The toilet stalls provided for public use at the facility are in violation of Section 4.17 of the ADAAG whose resolution is readily achievable.

4. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

5.   The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG whose resolution is readily achievable.

6. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG whose resolution is readily achievable.

7. The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG whose resolution is readily achievable.

8. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

10. The mirrors provided for public use in the restroom are in violation of the requirements in Section 4.19 of the ADAAG whose resolution is readily achievable.

12. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

14. There is a changing area provided for public use that does not comply with the requirements of the ADAAG whose resolution is readily achievable.

16. Some of the restrooms do not provide the required amenities for public use violating the provisions of the ADAAG whose resolution is readily achievable.

A true and correct copy of the pictures taken in Ms. Payne's presence while at this facility are attached as Exhibit F.

## **Washingtonian Center**

### **Parking**

1.   There are accessible spaces that do not provide signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG whose resolution is readily achievable.

2.   Where posted, signage at some of the designated accessible parking spaces are not mounted at sufficient heights in violation of section 4.6.4 of the ADAAG whose resolution is readily achievable.

3.   There are disabled use spaces that do not have clear and level access aisles provided, violating Sections 4.1.2, and 4.6.3 of the ADAAG whose resolution is readily achievable.

4.   Some of the accessible parking spaces are not dispersed and located closest to the accessible entrances, violating Section 4.6.2 of the ADAAG whose resolution is readily achievable.

5.   Some of the disabled use spaces and/or unloading areas are located on a slope in  violation of Section 4.6.3 and 4.6.6 of the ADAAG whose resolution is readily achievable.

### **Entrance Access and Path of Travel**

1.       There are curb ramps at the facility that contain excessive slopes, side slopes or cross slopes in violation of Sections 4.7.2 and 4.7.5 of the ADAAG whose resolution is readily achievable.

2.   There are ramps at the facility contain excessive slopes or cross slopes in violation of Sections 4.8.2 and 4.8.6 of the ADAAG whose resolution is readily achievable.

3.   There are no proper handrails provided for the ramps to the facility, in violation of Section 4.8.5 of the ADAAG whose resolution is readily achievable.

4.   The ramps do not provide edge protection as prescribed in Section 4.8.7 of the ADAAG whose resolution is readily achievable.

5.   There are changes in levels of greater than ½ inch, violating Section 4.3.8 of the ADAAG whose resolution is readily achievable.

6.   There are rises at the thresholds of entrances  at the facility in excess of 1/2 of an inch, violating Sections 4.5.2 and 4.13.8 of the ADAAG whose resolution is readily achievable.

### Access to Goods and Services

1.   There are permanently designated interior spaces without proper signage in violation of Section 4.1.2 and 4.30 of the ADAAG whose resolution is readily achievable.

2.   There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG whose resolution is readily achievable.

3.   There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG whose resolution is readily achievable.

### Restrooms

2. The grab-bars in the toilet room stalls do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG whose resolution is readily achievable.

4. The lavatories in the restroom provided do not meet the requirements prescribed in Section 4.24 of the ADAAG whose resolution is readily achievable.

6. There are exposed pipes in restrooms at the facility, violating of Section 4.19.4 of the ADAAG whose resolution is readily achievable.

8. There are dispensers provided for pubic use in the restroom, with controls outside the ranges prescribed in Section 4.27 of the ADAAG whose resolution is readily achievable.

10. The clear floor space provided in the restroom violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG whose resolution is readily achievable.

12. Some of the restrooms do not provide the required latch side clearance  violating the provisions of the ADAAG whose resolution is readily achievable.

A true and correct copy of the pictures taken in Ms. Payne's presence while at this facility are attached as Exhibit G.


11.   The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations.  Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12.   Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the

Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.  Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees

14

and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter  to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. .

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of

the Americans with Disabilities Act.

Respectfully Submitted,

By: /s/ Pete M. Monismith
Pete M. Monismith
MD Bar ID #29053
Thomas B. Bacon, P.A.
1710 Quarry Lane
Apollo, PA 15613
Ph: (724) 610-1881
fax: (724) 212-3981
monismith@thomasbaconlaw.com